| | |
|---|---|
| **JERRY E. EISOM,** | ) |
| **Plaintiff** | ) |
| | ) |
| | ) **STATE OF RHODE ISLAND** |
| | ) **PROVIDENCE COUNTY, S.C.** |
| **v.** | ) **SUPERIOR COURT** |
| | ) |
| **EXXON MOBIL CORPORATION** | ) **DOCKET NO.: PC** 05-6530 |
| **and** | ) |
| **STATION OPERATORS INC. d/b/a** | ) **CIVIL ACTION** |
| **EXXONMOBIL CORS** | ) |
| **(a wholly-owned subsidiary of EXXON MOBIL** | ) |
| **CORPORATION)** | ) |
| **Defendants** | ) |

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION**

*NATURE OF CLAIM*

1. This complaint is filed by Plaintiff, Jerry L. Eisom. Plaintiff is alleging that defendant refused to hire him for a position because of his race and color. He brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. Plaintiff is filing this Complaint of race and color discrimination pursuant to the *Rhode Island Fair Employment Practices Act*, R.I. Gen. Laws §§ 28-5-1 *et seq*. and the Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq*.

*JURISDICTION and VENUE*

3. This court has jurisdiction over the Plaintiff's Rhode Island Fair Employment Practices Act claim pursuant to R.I. Gen. Laws § 28-5-24.1.

4. This court has jurisdiction over the Plaintiff's Rhode Island Civil Rights Act claim pursuant to R.I. Gen. Laws § 42-112-2.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 DEC 22 P 12:21

5. Venue is proper in this court since the unlawful employment practice occurred in Providence County and the place of Plaintiff's employment for defendants is located in Providence County.

*EXHAUSTION OF ADMINISTRATIVE REMEDIES*

6. On or about November 24, 2003, Plaintiff, Jerry L. Eisom, a black man, filed a Charge of Discrimination against the Defendants with the Rhode Island Commission For Human Rights ("RICHR"). The Charge alleged that EXXON MOBIL CORPORATION discriminated against Plaintiff on the basis of his race and color by refusing to hire him after he applied for a position with it in February 2003 and again on or about 2003. While the Charge was still pending at the RICHR, EXXON MOBIL CORPORATION notified the RICHR that a wholly-owned subsidiary of EXXON MOBIL CORPORATION, Station Operators Inc. d/b/a ExxonMobil CORS was "the proper respondent."
7. Both EXXON MOBIL CORPORATION and Station Operators Inc. d/b/a ExxonMobil CORS received actual timely notice of Plaintiff's Charge of Discrimination.
8. On or about October 28, 2004, the RICHR found "probable cause" that the defendants violated the FEPA by refusing to hire Plaintiff, and it issued a Complaint against defendants and Notice of Hearing on July 13, 2005.
9. Defendant answered the RICHR Complaint on August 17, 2005.
10. After the case had been pending at the RICHR for more than 120 days but less than 2 years, Plaintiff requested that the RICHR issue a right to sue letter. On October 28, 2005 the RICHR issued Plaintiff a Right to Sue Notice. Plaintiff filed this complaint within 90 days of the issuance of the Right to Sue Notice.

11. The Rhode Island Civil Rights Act does not require an exhaustion of administrative remedies before a court action can be commenced, and this complaint was filed within its applicable statute of limitations.

*PARTIES*

12. Plaintiff, Jerry L. Eisom, is a black male. He is a resident of Providence, RI.

13. Defendant EXXON MOBIL CORPORATION owned or leased a gasoline station located at 2336 Pawtucket Avenue, East Providence, RI. It is Plaintiff's information and belief that it is a New Jersey corporation that is authorized to do business in the State of Rhode Island.

14. It is Plaintiff's information and belief that Defendant, Station Operators Inc. d/b/a ExxonMobil CORS, is a wholly-owned subsidiary of EXXON MOBIL CORPORATION. According to defendant EXXON MOBIL CORPORATION'S answer to the RICHR Complaint, Station Operators Inc. d/b/a ExxonMobil CORS. "staffs the service stations owned or leased by EXXON MOBIL CORPORATION." As a result, Plaintiff also names Station Operators Inc. d/b/a ExxonMobil CORS as an additional defendant. It is Plaintiff's information and belief that it is a Delaware corporation that is authorized to do business in the State of Rhode Island.

15. EXXON MOBIL CORPORATION and Station Operators Inc. are jointly and severally liable to Plaintiff for the failure of their agent(s) to hire him because of his race and color.

*ALLEGATIONS*

16. After the then station manager, Margaret Moniz, told Plaintiff that she lost an application that Plaintiff filed in or around November 2002, in or around February 2003 and again on or about June 24, 2003, Plaintiff again applied for a full-time

position that included duties as a cashier at the store owned or leased by EXXON MOBIL CORPORATION located at 2336 Pawtucket Avenue, East Providence, which EXXON MOBIL CORPORATION alleges was staffed by Station Operators Inc. d/b/a ExxonMobil CORS.

17. It is Plaintiff's information and belief that the agent for EXXON MOBIL CORPORATION and Station Operators Inc. d/b/a ExxonMobil CORS, the station manager, Margaret Moniz, of the EXXON MOBIL CORPORATION gas station and store located at 2336 Pawtucket Avenue, East Providence, RI, refused to hire Plaintiff for the full-time position involving cashier duties because of his race and color.

18. While EXXON MOBIL CORPORATION and Station Operators Inc. d/b/a ExxonMobil CORS, through its agent, station manager, Margaret Moniz, refused to hire Plaintiff for the full time position involving cashier duties, she was willing to hire him for janitorial type-duties on a part-time basis.

19. It is Plaintiff's information and belief that EXXON MOBIL CORPORATION and Station Operators Inc. d/b/a ExxonMobil CORS, through its agent, station manager, Margaret Moniz, did not object to Plaintiff, as black person, performing janitorial duties as its 2336 Pawtucket Avenue, East Providence, R.I. but they did not want him, as a black person, performing cashier duties.

20. Starting in or around March 2003 and continuing through approximately July 2003, Plaintiff performed part-time janitorial duties for the defendants at the 2336 Pawtucket Avenue, East Providence, R.I. location in the hopes that it would increase his chances for the full-time position.

21. Even after it subjected Plaintiff to pre-employment screening, including a drug test, EXXON MOBIL CORPORATION and Station Operators Inc. d/b/a ExxonMobil CORS, through their agent, station manager, Margaret Moniz, never hired Plaintiff for the full-time position.

22. It is Plaintiff's information and belief that EXXON MOBIL CORPORATION and

Station Operators Inc. d/b/a ExxonMobil CORS, through their agent, station manager, Margaret Moniz, hired white applicants that were not more qualified than Plaintiff for the same full-time position that involved cashier duties, the same job that Plaintiff had applied for, after Plaintiff had applied for the position, and it did so even though Plaintiff, unlike the white applicants, had already been performing part-time duties for them.

23. It is Plaintiff's information and belief that but for Plaintiff's race and color, EXXON MOBIL CORPORATION and Station Operators Inc. d/b/a ExxonMobil CORS, through their agent, station manager, Margaret Moniz, would have hired Plaintiff shortly after he applied for the full-time position that involved cashier duties at their 2336 Pawtucket Avenue, East Providence, R.I. station/store.

*FIRST CAUSE OF ACTION*

*Rhode Island Civil Rights Act ("RICRA")*

*R.I. Gen. Laws §§ 42-112-1 seq.*

*SECOND CAUSE OF ACTION*

*Rhode Island Fair Employment Practices Act ("FEPA")*

*R.I. Gen. Laws §§ 28-5-1 seq.*

FEPA

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23 of this Complaint with the same force and effect as if set forth herein.

25. As a result of the actions of their agent, Margaret Moniz, Defendants failed to hire Plaintiff for the full-time time position that involved cashier duties at their

station/store located at 2336 Pawtucket Avenue, East Providence after he applied for the position three times from 2002-2003; last time being on or about June 25, 2003.

26. Plaintiff's action in applying for a position with defendant constitutes an attempt to make a contract with defendant within the meaning of the Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1 *et seq*. (hereinafter "RICRA").

27. Plaintiff's action in apply for a position with defendant constitutes an application for employment with an employer that continuously had four or more employees within the meaning of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq*. (hereinafter "FEPA").

28. In violation of the RICRA and FEPA defendants, through their agent, refused to hire Plaintiff for the position because of race and color.

29. As a direct and proximate cause result of said acts, Plaintiff suffered and continues to suffer loss of income, loss of other employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment, damage to his reputation, and loss of enjoyment of life.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff requests the Court to enter judgment:

a. Declaring the acts and practices complained herein are in violation of RICRA and FEPA;

b. Enjoining and permanently restraining the defendants from future violations of FEPA and RICRA;

c. Directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' discriminatory treatment of him, and make him whole for all earnings he would have received but for Defendants' discriminatory treatment, including, but not limited to, wages, and employee benefits;

e. Awarding Plaintiff front pay if Defendants can not currently offer Plaintiff the position he would have occupied but for Defendants' discriminatory treatment until such time Defendants can offer Plaintiff an appropriate position;

f. Awarding Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses for violations of FEPA and RICRA;

g. Awarding the Plaintiff punitive damages for the defendants' intentional, malicious and reckless violations of FEPA and RICRA;

h. Awarding Plaintiff the cost of this action together with reasonable attorney's fees and expert witness fees, as provided by FEPA and RICRA;

i. Awarding Plaintiff pre-judgement and post-judgement interest;

j. Granting such other and further relief as this court deems necessary and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
By Plaintiff's Attorney,

Robert E. Savage (#4461)
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889
Telephone: (401) 732-9500
Fax: (401) 732-0166
Dated: 12-21-2005