UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JERRY E. EISOM,<br>Plaintiff,<br><br>v.<br><br>EXXONMOBIL CORPORATION AND STATION OPERATORS INC. d/b/a EXXONMOBIL CORS, a wholly-owned Subsidiary of ExxonMobil Corporation,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-cv-0118 S |

**ANSWER**

Defendants ExxonMobil Corporation ("ExxonMobil") and Station Operators, Inc. ("Station Operators") respond to the allegations set forth in the Complaint as follows:

1-2. The allegations set forth in paragraphs 1 and 2 of the Complaint do not require a written response.

3-4. Defendants admit the allegations set forth in paragraphs 3 and 4 of the Complaint.

5. Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in paragraph 6 of the Complaint that on or about November 24, 2003 plaintiff Jerry Eisom filed a Charge of Discrimination with the Rhode Island Commission for Human Rights alleging that he had been discriminated against on the basis of his race and color, and further admit that while the charge was pending, ExxonMobil notified the Commission that its wholly-owned subsidiary, Station Operators, was "the proper respondent", and deny the remaining allegations.

7. Defendants deny the allegations set forth in paragraph 7 of the Complaint.

8. Defendants admit that on or about October 28, 2004 the Rhode Island Commission for Human Rights made a finding of probable cause, and issued a Complaint and Notice of Hearing on July 13, 2005, and deny the remaining allegations set forth in paragraph 8.

9. Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10. Defendants admit the allegations set forth in paragraph 10 of the Complaint that on or about October 28, 2005, the Rhode Island Commission for Human Rights issued plaintiff a Right to Sue letter and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in that paragraph.

11. The allegations set forth in paragraph 11 state legal conclusions which do not require a response.

12. Defendants deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 12 of the Complaint.

13. Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14. Defendants admit the allegations set forth in paragraph 14 of the Complaint that Station Operators is a wholly-owned subsidiary of ExxonMobil, and further admit that in ExxonMobil's answer to the Rhode Island Commission for Human Rights Complaint, it stated that Station Operators "staffs the service stations owned or leased by ExxonMobil Corporation." Defendants admit that Station Operators is a Delaware Corporation authorized to do business in the State of Rhode Island, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

15-19. Defendants deny the allegations set forth in paragraphs 15, 16, 17, 18 and 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Defendants admit the allegation set forth in paragraph 21 that defendant took a drug test, but deny plaintiff ever completed a job application or completed the authorizations necessary to allow defendants to conduct a background investigation that had to be completed in order for him to be hired.

22-23. Defendants deny the allegations set forth in paragraphs 22 and 23 of the Complaint.

24. Defendants repeat their responses to the allegations set forth in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25-29. Defendants deny the allegations set forth in paragraphs 25, 26, 27, 28 and 29 of the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The allegations set forth in the Complaint are barred in whole or in part by the applicable statutes of limitations.

## THIRD DEFENSE

Any actions taken by defendants' former employee Margaret Moniz with respect to plaintiff's alleged employment or application for employment were unauthorized, were outside of the scope of Moniz's employment, and were in direct violation of policies promulgated by defendants.

**FOURTH DEFENSE**

Plaintiff never completed an employment application, and defendants never refused to hire plaintiff.

**FIFTH DEFENSE**

The complaint fails to state a claim for punitive damages, which requires proof beyond a reasonable doubt.

**SIXTH DEFENSE**

Plaintiff's allegations are barred in whole or in part by the doctrine of laches.

EXXONMOBIL CORPORATION,
STATION OPERATORS, INC.
By their attorneys,

Neal J. McNamara (RI Bar #4249)
Nixon Peabody LLP
One Citizens Plaza -5th Floor
Providence, RI 02903
Tel. (401) 454-1000
Fax. (401) 454-1030

Dated: March 30, 2006

CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and accurate copy of the within Answer to Robert Savage, Savage & Savage, 156 Airport Road, Warwick, Rhode Island 02889 on this 30th day of March, 2006 via regular mail, postage prepaid.